IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL BAUTISTA, | : | |
|     Plaintiff | : | No. 1:21-cv-00126 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JESSICA CAREY, | : | |
|     Defendant | : | |

**MEMORANDUM**

Presently before the Court is Defendant's motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 51.) Also before the Court is Plaintiff's motion to compel discovery. (Doc. No. 54.) For the reasons set forth below, the Court will deny Plaintiff's motion to compel discovery, and the Court will grant Defendant's motion for summary judgment.

**I.   INTRODUCTION**

Pro se Plaintiff Noel Bautista ("Plaintiff"), who is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Benner Township in Bellefonte, Pennsylvania. On January 21, 2021, he commenced the above-captioned action by filing an original complaint pursuant to 42 U.S.C. § 1983 against the following three (3) individuals: John Wetzel ("Wetzel"), the former Secretary of the DOC; Bernadette Mason ("Mason"), the Superintendent of State Correctional Institution Mahanoy ("SCI Mahanoy") in Frackville, Pennsylvania; and Jessica Carey ("Carey"), a Unit Manager at SCI Mahanoy. (Doc. No. 1.)

In his original complaint, Plaintiff asserted allegations concerning an incident that occurred on October 7, 2019, when he was struck and injured from a light fixture that fell on him while he was showering in his housing unit at SCI Mahanoy. (Id.) In connection with these

allegations, he asserted violations of his rights under the Eighth Amendment to the United States Constitution, and he sought declaratory and injunctive relief, as well as damages. (Id.) In response to Plaintiff's complaint, Defendants filed a motion to dismiss and brief in support thereof pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 12, 13.) On June 14, 2021, the Court granted that motion, dismissed Plaintiff's original complaint, and afforded Plaintiff leave to file an amended complaint. (Doc. Nos. 18, 19.)

On August 31, 2021, Plaintiff filed an amended complaint, again asserting allegations concerning the incident that occurred on October 7, 2019, while he was showering in his housing unit at SCI Mahanoy. (Doc. No. 24.) However, unlike his original complaint, Defendant Carey ("Defendant") is the only named defendant in his amended complaint. (Id.) On September 14, 2021, Defendant Carey filed her answer with affirmative defenses to Plaintiff's amended complaint. (Doc. No. 26.)

Upon the close of pleadings, the Court issued an Order directing the parties to complete discovery within six (6) months and to file dispositive motions within forty-five (45) days of the close of discovery. (Doc. No. 27.) The dispositive motions deadline was thereafter extended to August 29, 2022. (Doc. No. 50.) On that date, Defendant filed a motion for summary judgment, statement of material facts, and brief in support thereof. (Doc. Nos. 51, 52, 53.) Plaintiff has filed a brief in opposition to Defendant's motion for summary judgment. (Doc. No. 56.) Plaintiff has not, however, filed a statement of material facts that responds, paragraph by paragraph, to Defendant's statement of material facts. Instead, Plaintiff has attached to his brief in opposition a non-responsive "Counter Statement of Facts[.]" (Doc. No. 56-2 at 5-6.)

Shortly thereafter, Plaintiff filed a motion to compel discovery. (Doc. No. 54.) Although Plaintiff did not file a separate brief in support of his motion to compel discovery, he titled a

section of his motion as a "[b]rief in support of [his]motion to compel." (Id. at 1); see M.D. Pa. L.R. 7.5. In addition to his motion to compel, Plaintiff also filed a motion for an extension of time to comply with Local Rule 56 of the Court's Local Rules and to file his "opposing motion." (Doc. No. 55 at 1.) On September 29, 2022, the Court granted that motion and directed Plaintiff to file his motion on or before October 20, 2022. (Doc. No. 27.) In addition, the Court, after reviewing Plaintiff's motion to compel discovery, directed Defendant to file a response to that motion. (Id.) In accordance with the Court's directive, Defendant filed a brief in opposition to Plaintiff's motion to compel discovery on October 20, 2022. (Doc. No. 59.)

As reflected by the Court's docket, Plaintiff has not filed a motion for summary judgment, despite being granted additional time to do so. Instead, he appears to have simply elected to file a brief in opposition to Defendant's motion for summary judgment. (Doc. No. 56.) Thus, the parties' pending motions are ripe for resolution. For the reasons set forth below, the Court will deny Plaintiff's motion to compel discovery and will grant Defendant's motion for summary judgment.

## II.   LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "A disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law." Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). And, a disputed material fact is "genuine . . . [i]f the evidence is such that a reasonable jury could return a verdict for the

nonmoving party[.]" See Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991) (citing Anderson, 477 U.S. at 248).

A party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of [the record], which it believes demonstrate the absence of a genuine issue of material fact." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." See id. at 325.

Once the moving party has met its initial burden, the burden shifts to the nonmoving party, who may not rest upon the unsubstantiated allegations or denials of its pleadings and, instead, must go beyond its pleadings, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to show a genuine dispute of material fact. See Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial[,]" summary judgment is proper. See id. at 322. Summary judgment is also proper if the nonmoving party provides evidence that is "merely colorable" or that "is not significantly probative[.]" See Gray, 957 F.2d at 1078.

In addition, when deciding a motion for summary judgment, "the court must view all evidence and draw all inferences in the light most favorable to the non-moving party[.]" See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008) (citing Davis v. Mountaire Farms, Inc., 453 F.3d 554, 556 (3d Cir. 2006)); M.S. by & through Hall v. Susquehanna Twp.

Sch. Dist., 969 F.3d 120, 125 (3d Cir. 2020) (stating that, when reviewing a motion for summary judgment, courts are to "view the evidence in the light most favorable to the non-moving party").

### III. DISCUSSION

#### A. Plaintiff's Motion to Compel Discovery

On September 12, 2022, well after the discovery period had closed in this case and approximately two (2) weeks after Defendant filed her motion for summary judgment, Plaintiff filed a motion to compel discovery. (Doc. No. 54.) Although Plaintiff did not file a separate brief in support of his motion, he titled a section of his motion as a "[b]rief in support of [his] motion to compel[.]" (Id. at 1.) In his motion and brief, Plaintiff seeks to compel three (3) items of discovery from Defendant. (Id.) First, Plaintiff seeks to compel Defendant to "produce" documents described as "log records[,]" which Plaintiff contends were "reviewed" by Defendant's former counsel. (Id.) Although unclear, it appears that Plaintiff is seeking prison records that log the visitors at SCI Mahanoy. (Id.) Next, Plaintiff seeks to compel Defendant to "produce" a copy of his deposition transcript in this matter. (Id.) And, finally, Plaintiff seeks to compel Defendant to "fully answer" interrogatories that he previously sent to former counsel for Defendant. (Id.; id. at 5 (containing a copy of the purported interrogatories).)

In accordance with the Court's Order issued on September 29, 2022 (Doc. No. 57), Defendant filed a brief in opposition to Plaintiff's motion to compel discovery. (Doc. No. 59.) Defendant asserts several grounds upon which she contends the Court should deny Plaintiff's motion. (Id.) The Court has reviewed all of those grounds and, for the reasons discussed below, the Court will deny Plaintiff's motion based upon what it deems to be two (2) threshold grounds—i.e., that the motion was untimely filed and that it fails to satisfy Rule 37 of the Federal Rules of Civil Procedure.

### 1. Timeliness

Defendant argues that, as an initial matter, Plaintiff's motion to compel discovery should be denied because it is untimely. (Id. at 5-7.) In support, Defendant alleges that Plaintiff filed his motion on September 12, 2022, which was one-hundred and eighty-two (182) days after discovery closed in this case, and approximately two weeks after Defendant filed her currently pending motion for summary judgment. (Id. at 5, 6.) Defendant argues however, that Plaintiff has not shown good cause for the delay in filing his motion to compel discovery. (Id. at 5-7.) The Court agrees.

At the outset, the Court observes that, under the Federal Rules of Civil Procedure, the scope of discovery is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" See Fed. R. Civ. P. 26(b)(1). However, this broad scope of discovery "is not unlimited and may be circumscribed." See Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999) (citations omitted).

Moreover, and particularly relevant here is Rule 16(b)(4), which governs a party's request to modify a scheduling order. See Fed. R. Civ. P. 16(b)(4). More specifically, it provides that "[a] schedule may be modified only for good cause and with the judge's consent." See id. "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence." See Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020) (citations omitted); Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84-85 (3d Cir. 2010) (concluding that the district court had properly denied leave to amend where plaintiff moved to amend his pleading after the amendment deadline had expired and where plaintiff had not been diligent in seeking the amendment); Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330,

6

340 (3d Cir. 2000) (affirming district court's conclusion that a party's failure to satisfy the good cause requirement under Rule 16(b) was a sufficient basis to deny a motion to amend, which filed six (6) months after the amendment and joinder deadlines had expired).

In addition, the party seeking to modify the scheduling order carries the burden to demonstrate such good cause. See Fed. R. Civ. P. 16, Advisory Committee Note (1983) (explaining that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"); Race Tires, 614 F.3d at 84 (affirming the district court's decision to deny leave to amend, where the district court placed the burden on the movant under Rule 16(b)(4) to show "due diligence"). If the movant cannot demonstrate that he was diligent, then "there is no 'good cause'" for modifying the scheduling order." See Bolus v. Carnicella, No. 15-cv-01062, 2020 WL 6203056, at *3 (M.D. Pa. Oct. 22, 2020) (citation omitted).

Here, Plaintiff's motion to compel discovery was filed well after the discovery period had closed in this case. In fact, and as argued by Defendant, Plaintiff's motion to compel discovery was not filed until approximately two (2) weeks after Defendant filed her motion for summary judgment, statement of material facts, and brief in support thereof. Despite this inordinate delay, Plaintiff has not alleged, much less demonstrated to the Court, that he was diligent in filing his motion or in seeking a modification of the Court's September 14, 2021 scheduling Order, which set a close of discovery deadline for March 14, 2022. (Doc. No. 27 (directing the parties to complete discovery within six (6) months of the date of the scheduling Order).) Because Plaintiff has failed to show due diligence on his part, the Court finds no good cause for allowing him to seek discovery at this point in the litigation.

### 2. Rule 37 of the Federal Rules of Civil Procedure

Defendant further argues that Plaintiff's motion to compel discovery fails to comply with Rule 37 of the Federal Rules of Civil Procedure. (Doc. No. 59 at 7-8.) The Court agrees. Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]" where discovery has been previously requested, but not answered, designated, or produced. See Fed. R. Civ. P. 37(a)(3)(B). The party seeking such discovery is required to "include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." See id. at 37(a)(1); Lofton v. Wetzel, No. 12-cv-01133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (discussing and applying Fed. R. Civ. P. 37(a)(1) to a pro se prisoner's motion to compel discovery).

Here, however, Plaintiff's motion to compel discovery has not included a certification that he has, in good faith, conferred or attempted to confer with opposing counsel before seeking intervention from the Court. As a result, the Court finds that Plaintiff's motion to compel discovery does not satisfy Rule 37 of the Federal Rules of Civil Procedure.

### 3. Conclusion

Accordingly, because Plaintiff has neither demonstrated good cause for allowing him to seek discovery at this point in the litigation, nor satisfied Rule 37 of the Federal Rules of Civil Procedure, the Court will deny Plaintiff's motion to compel discovery. The Court will proceed, therefore, by addressing Defendant's pending motion for summary judgment.[1]

---

[1] Before addressing Defendant's motion, the Court notes that, even if Plaintiff had diligently filed his motion to compel discovery and complied with Rule 37, the Court would still find that his motion is substantively deficient, as argued by Defendant in her brief in opposition. (Doc. No. 59 at 8-10.) By way of example, Plaintiff does not identify or provide a copy to the Court of which prior discovery request, if any, contained his request for the alleged "log books" or the subsequent refusal by Defendant to produce such "log books." See M.D. Pa. L.R. 5.4 (requiring

B.       **Defendant's Motion for Summary Judgment**

1.       **Statement of Material Facts**

In accordance with the Court's Local Rules, Defendant filed a statement of material facts in support of her motion for summary judgment. (Doc. No. 52.) Plaintiff, however, did not file a statement of material facts responding to the numbered paragraphs set forth in Defendant's statement of material facts. Thus, under the Court's Local Rules, Defendant's facts are deemed admitted since:

> A failure to file a counter-statement equates to an admission of all the facts set forth in the movant's statement. This Local Rule serves several purposes. First, it is designed to aid the Court in its determination of whether any genuine issue of material fact is in dispute. Second, it affixes the burden imposed by Federal Rule of Civil Procedure 56(e), as recognized in Celotex Corp. v. Catrett, on the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designated specific facts showing that there is a genuine issue for trial.' 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted) (emphasis added).

See Williams v. Gavins, No. 1:13-cv-0387, 2015 WL 65080, at *5 (M.D. Pa. Jan. 5, 2015), aff'd sub nom. Williams v. Gavin, 640 F. App'x 152 (3d Cir. 2016) (unpublished), (emphasis in

---

the moving party to file "a copy of the discovery matters in dispute"). By way of further example, Plaintiff demonstrates that he did, in fact, have access to his deposition transcript, as he attached a portion of that transcript to his brief in opposition to Defendant's motion for summary judgment. (Doc. No. 56-9 at 2.) In any event, he is not entitled to free copies of his deposition transcript from Defendant. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (stating that "[t]here is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant" (citation omitted)). Finally, current counsel of record indicates that prior counsel likely responded to Plaintiff's interrogatories on March 22, 2022. (Doc. No. 59 at 9 (explaining that, because he was not counsel of record at the time of the responses, he cannot confirm, with certainty, that the interrogatory responses were mailed to Plaintiff, but he can confirm that the physical and electronic file for this case contains a Microsoft Word version of interrogatory responses dated March 22, 2022).)

original) (citation omitted). Thus, the material facts in this Memorandum are derived from Defendant's statement of material facts. The Court now turns to those facts.[2]

The DOC has promulgated a policy statement on the subject of Facility Maintenance, namely, Policy No. 10.02.01. (Doc. No. 52 ¶ 8.) Pursuant to § 12 of DOC Policy No. 10.2.1, maintenance work may not be performed in any area of an institution without a valid work order. (Id. ¶ 8(a).)

The DOC has also promulgated a policy statement on the subject of Safety, namely, Policy No. 15.1.1. (Id. ¶ 9.) Policy No. 15.1.1 § 2(A)(5) provides, generally, that the responsibilities of a Department Head/Unit Manager include "[e]nsur[ing] that all new staff and inmates receive fire safety orientation training" and "[m]aintain[ing] all training records of new inmate fire and safety orientation training." (Id. ¶ 9(a).) Policy No. 15.1.1 § 1(D)(4)(a) also requires a "qualified Department Head/designee" to conduct a weekly "Fire/safety/sanitation and hygiene inspections" using a "Fire/Safety/Sanitation Inspection Weekly Report." (Id. ¶ 9(b).)

During the relevant period of time, Defendant performed the weekly inspections required by Policy No. 15.1.1 and prepared the weekly reports for the dates of September 6, 12, 19, and 27, 2019, and October 3, 2019. (Id. ¶ 10.) In each of those reports, Defendant's inspection revealed that all of the "lights, electrical equipment, and plumbing equipment operate properly" and also that she did not observe "any other fire, safety and health hazards." (Id. ¶ 11.)

---

[2] The Court notes that Plaintiff has filed an independent and non-responsive statement of material facts. (Doc. No. 56-2 at 5-6.) Such an independent and non-responsive statement, however, is not permitted by the Local Rules of Court. See, e.g., Barber v. Subway, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (stating that a separate, nonresponsive statement of material facts by the non-moving party is "neither contemplated nor permitted by the Local Rules"); Dukes v. Mohl, No. 20-cv-00315, 2022 WL 1667746, at *1 n.2 (M.D. Pa. May 25, 2022) (citing Barber and concluding the same).

On October 7, 2019, Plaintiff was struck by an overhead lighting fixture while he was taking a shower. (Id. ¶ 12.) Following this incident, Plaintiff was taken to medical where he was evaluated for any injuries with photographs taken. (Id. ¶ 21.)

### 2. Defendant's Arguments

Defendant argues, inter alia, that she is entitled to summary judgment on Plaintiff's Eighth Amendment conditions of confinement claim because Plaintiff has not produced any competent, admissible evidence to support such a claim. (Doc. No. 53 at 5-9.) The Court agrees. "The Eighth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Glossip v. Gross, 576 U.S. 863, 876 (2015). As explained by the United States Supreme Court, the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted).

Thus, in order "[t]o determine whether prison officials have violated the Eighth Amendment, [courts] apply a two-prong test[.]" See Porter v. Pennsylvania Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Under the first prong, courts consider whether the deprivation was "'objectively, sufficiently serious[,]" that is, whether "a prison official's act or omission [resulted] in the denial of the minimal civilized measure of life's necessities[.]'" See id. (quoting Farmer, 511 U.S. at 834). Under the second prong, courts must consider whether the prison official was "'deliberate[ly] indifferen[t] to inmate health or safety.'" See id. (quoting Farmer, 511 U.S. at 834).

Regarding the first prong, life's necessities include food, clothing, shelter, medical care, and reasonable safety. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000) (stating that "when the government takes a person into custody against his or her will, it assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety" (citing DeShaney v. Winnebago Co. Dep't of Social Svcs., 489 U.S. 189, 199-200 (1989))); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (explaining that the Eighth Amendment imposes a duty upon prison officials "to ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to ensure that prison officials] take reasonable measures to guarantee the safety of the inmates" (citations and internal quotation marks omitted)).

Regarding the second prong, a prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"—that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Farmer, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, . . . meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 837-38)).

### a.    First Prong of an Eighth Amendment Claim

While Defendant's arguments largely focus on the second prong of an Eighth Amendment claim, Defendant contends that Plaintiff has not produced any competent, admissible evidence showing that the faulty light fixture posed an objectively, sufficiently serious risk of harm to Plaintiff. (Doc. No. 53 at 8.) In support, Defendant argues that a prison

condition which only causes a minor ailment does not, by itself, present such an objective and serious risk of harm.  (Id.)  The Court agrees.

Under the first prong of an Eighth Amendment analysis, Plaintiff is required to show that he was subjected to deprivations that are so serious that they denied him of the minimal civilized measure of life's necessities.  See Wilson, 501 U.S. at 298 (explaining that "only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation" (internal citations and quotation marks omitted)).  As a result, Plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm" to his health or safety.  See Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 373 (3d Cir. 2019)  (citations and internal quotation marks omitted).

Plaintiff, however, has not pointed to any evidence in the record that would either make this showing or create a genuine dispute of material fact as to the objective seriousness of the risk associated with the faulty light fixture.  In fact, Plaintiff's own deposition testimony suggests the contrary.  (Doc. No. 52-7 at 11-12 (containing Plaintiff's deposition, wherein he testified that, even though he observed various light fixtures in the showers at SCI Mahanoy were missing screws, he did not tell anyone about these observations and did not think, when he observed them at the time, that this was "dangerous"); Doc. No. 56-2 at 10, 11, 12 (containing Plaintiff's brief in opposition wherein he repeatedly states that the light fixtures were cracked and missing screws).)

Thus, for all of these reasons, the Court finds that Defendant has met her summary judgment burden to demonstrate that there is an absence of evidence to support the first prong of Plaintiff's Eighth Amendment conditions of confinement claim.  The Court further finds that, once the burden shifted to Plaintiff, he did not cite to materials in the summary judgment record

13

to show a genuine dispute of material fact concerning this first prong. See Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. As a result, Defendant is entitled to summary judgment.

Even assuming, arguendo, that Plaintiff could show the objective seriousness of the risk of harm associated with the faulty light fixture, the Court would still find that Plaintiff has not adduced evidence or created a genuine dispute of material fact concerning the second prong of his Eighth Amendment claim—i.e., that Defendant was deliberately indifferent to that risk.

### b. Second Prong of an Eighth Amendment Claim

As stated above, Defendant's arguments largely focus on the second prong of an Eighth Amendment analysis. In this regard, Defendant contends that Plaintiff has not produced any competent, admissible evidence showing that she was deliberately indifferent to a substantial risk of serious harm to his health or safety. (Doc. No. 53 at 5-9.) In support, Defendant asserts several arguments. (Id.)

Initially, Defendant argues that, during the Rule 12 stage of Plaintiff's original complaint, the Court rejected the plausibility of Plaintiff's allegations that Defendant's knowledge of the faulty light fixture established deliberate indifference on her part under the Eighth Amendment. (Id. at 7-8.) More specifically, the Court stated as follows:

> As to Defendant Carey, Plaintiff alleges that she has been trying to get the showers maintained for months. (Doc. No. 1 at 4.) Such an allegation, however, suggests the opposite of deliberate indifference. Rather than suggesting that Defendant Carey ignored any risk to inmate health and safety, Plaintiff appears to suggest that she was working to ameliorate such risk. Plaintiff's complaint, as pled, simply does not set forth a plausible Eighth Amendment claim regarding the conditions of confinement at this time.

(Doc. No. 18 at 8 (citations omitted).)

Although Plaintiff is now proceeding on an amended complaint (Doc. No. 24), the Court agrees with Defendant that Plaintiff has not included additional allegations or pointed to any

14

evidence in the record which would demonstrate a genuine dispute of material fact as to whether Defendant acted with deliberate indifference to Plaintiff's health or safety. At most, Plaintiff testified during his deposition that, three (3) days after the October 7, 2019 incident (Doc. No. 52-7 at 24), Defendant made statements in front of both him and a Central Office representative that she "ha[d] been trying to get the showers fixed for months[.]" (Id. at 31; id. at 25 (testifying that Defendant stated as follows: "'Listen, I meant to get those showers taken care of before, and it just never—I never got to them'"); id. at 26 (testifying that Defendant stated as follows: "' I meant to get these showers fixed for months'").)

Even if it were true that Defendant had knowledge of the faulty light fixture and that she was endeavoring to get the light fixtures at SCI Mahanoy repaired (as continuously asserted by Plaintiff), the Court still finds that this does not equate to the subjective state of mind that is necessary to demonstrate deliberate indifference under the Eighth Amendment. Put differently, Plaintiff has not pointed to any evidence in the record that would create a genuine dispute of material fact as to whether Defendant actually recognized that the faulty light fixture posed a substantial risk of harm to Plaintiff's health or safety. Instead, Plaintiff has only pointed to evidence in the record which would suggest that Defendant should have recognized such a risk of harm to Plaintiff's health and safety in connection with her job responsibilities as a Corrections Unit Manager at SCI Mahanoy. (Doc. No. 56-2.)

Under well-established precedent, such evidence is insufficient to demonstrate deliberate indifference on the part of Defendant. See Farmer, 511 U.S. at 835 (explaining that "deliberate indifference describes a state of mind more blameworthy than negligence"); Beers-Capitol, 256 F.3d at 133 (explaining that "[t]he knowledge element of deliberate indifference is subjective, . . . . meaning that the official must actually be aware of the existence of the excessive risk; it is not

15

sufficient that the official should have been aware" (citing Farmer, 511 U.S. at 837-38));
Holloway v. Genovese, No. 19-cv-00065, 2019 WL 5897939, at *4 (M.D. Tenn. Nov. 12, 2019)
(dismissing prisoner-plaintiff's Eighth Amendment conditions of confinement claim, which was
based upon a light fixture falling on his leg, because his allegations did not show that "any prison
official had the subjective state of mind necessary to state a claim for this incident").

Thus, for all of these reasons, the Court finds that Defendant has met her summary judgment burden to demonstrate that there is an absence of evidence to support the second prong of Plaintiff's Eighth Amendment claim. The Court further finds that, once the burden shifted to Plaintiff, he did not cite to materials in the summary judgment record to show a genuine dispute of material fact. See Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. As a result, the Court finds that Defendant is entitled to summary judgment on this basis.[3]

## IV.   CONCLUSION

For all of the foregoing reasons, the Court will deny Plaintiff's motion to compel discovery, and the Court will grant Defendant's motion for summary judgment. An appropriate Order follows.

---

[3] Because the Court finds that Defendant is entitled to summary judgment on the basis that Plaintiff has not adduced evidence to support his Eighth Amendment conditions of confinement claim, the Court need not reach Defendant's remaining arguments. See (Doc. No. 53 at 9-12 (arguing that Plaintiff cannot establish any basis for damages and that Defendant is entitled to qualified immunity)).